UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SAYIDEN HUSSEIN MOHAMED,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>SGT. FRAZIER, et al.,<br><br>　　　　　　　　Defendants. | Case No. 16-1054 JCC-BAT<br><br>**REPORT AND RECOMMENDATION** |

Sayiden Hussein Mohamed, who is currently confined at the King County Jail, filed this 28 U.S.C. § 1983 prisoner civil rights complaint against various employees of the King County Jail. Dkt. 5. The Court declined to serve the complaint because it contained fatal deficiencies that, if not addressed, might lead to a recommendation of dismissal of the entire action for failure to state a claim upon which relief may be granted. However, because Mr. Mohamed is proceeding *pro se*, he was granted leave to file an amended complaint or to show cause why his claim should not be dismissed by August 19, 2016. Dkt. 6. Mr. Mohamed failed to file an amended complaint nor did he show cause why his complaint should not be dismissed as ordered. Instead, he filed a motion for declaratory and injunctive relief (Dkt. 7) and a motion asking for defendants to file a response (Dkt. 8). However, neither of these filings cure the noted deficiencies of his complaint.

REPORT AND RECOMMENDATION - 1

The undersigned recommends that this action be dismissed without prejudice prior to service for failure to state a claim and that all pending motions be denied.

**FACTUAL ALLEGATIONS**

Mr. Mohamed alleges that his Fourth Amendment right to privacy is being violated because every time he uses the toilet or is not wearing clothes people in the skyscrapers across the street from the King County Jail can see into his cell room. Dkt. 5. He has been told by various jail officers that he cannot place papers on the windows of his cell. *Id.*., at 3-5. The grievance response attached to his complaint indicates that the grievance was resolved on May 31, 2016:

> I spoke with you about your grievance on 05-31-2016 at approximately 1625 hours. We resolved your grievance by discussing DAJD's policy about covering cell windows. I informed you that at no point would DAJD tolerate window's [sic] being covered. You expressed to me that you truly believe the people in the building across the street can see into your cell. We also explored ideas for you to use so that you feel like you have complete privacy from the people in the building across the street.

*Id*. at 2. Plaintiff asks that this Court direct the King County Jail to place screens on the cell windows. *Id*. at 4.

**DISCUSSION**

To sustain a civil rights action under § 1983, a plaintiff must show (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state or federal law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Based on the facts stated in his complaint, plaintiff fails to state a claim a viable Section 1983 claim.

"Loss of freedom of choice and privacy are inherent incidents of confinement." *Bell v.*

REPORT AND RECOMMENDATION - 2

1  *Wolfish*, 441 U.S. 520, 537 (1979).  However, a prisoner retains certain rights of privacy in his
2  person under the Fourth Amendment.  *See Nunez v. Duncan*, 591 F.3d 1217, 1227 (9th
3  Cir.2010); *Michenfelder v. Sumner*, 860 F.2d 328, 332 (9th Cir.1988); *Grummett v. Rushen*, 779
4  F.2d 491, 494-95 (9th Cir.1985).  *Bull v. San Francisco*, 595 F.3d 964, 974–75 (9th Cir.2010)
5  (en banc) ("The Fourth Amendment applies to the invasion of bodily privacy in prisons and
6  jails.")  A prisoner's bodily privacy, however, exists only so far as it is not fundamentally
7  inconsistent with prisoner status or incompatible with the legitimate objectives of incarceration.
8  *Pell v. Procunier*, 417 U.S. 817, 822 (1974); *Michenfelder*, 860 F.2d at 332.  Thus, a state may
9  restrict a prisoner's rights to the extent necessary to further the correctional system's legitimate
10  goals and policies.  *Hudson v. Palmer,* 468 U.S. 517, 524 (1984).  Institutional security has been
11  recognized as chief among a state's legitimate goals.  *Id*.  Moreover, it is well established that an
12  inmate's right to privacy is not violated by the occasional and infrequent viewing by female
13  guards of inmates showering, using the toilet, or being strip searched.  *Grummett*, 779 F.2d at
14  494-95.

15       Here, plaintiff is not complaining that other prisoners or guards are violating his privacy,
16  but that he believes unknown people in buildings outside the jail can see into his cell and that
17  they may video tape or take pictures of him when he is using the toilet or when he is naked.  The
18  grievance attached to his complaint reflects that he has addressed this issue with officials at the
19  jail and they have "explored ideas for [plaintiff] to use" to feel that he has "complete privacy
20  from the people in the building across the street."

21                                **CONCLUSION**

22       Where a pro se litigant's complaint fails to state a claim upon which relief can be granted,
23  the Court generally grants him the opportunity to amend the complaint.  *Lucas v. Dep't of*

REPORT AND RECOMMENDATION - 3

*Corrections*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam). However, the Court may deny leave to amend if "it is absolutely clear that no amendment can cure the defect." *Id*. Although plaintiff was given leave to amend his complaint to provide facts describing the circumstances underlying his claims and explain how he was harmed by the actions of a specific individual, he has failed to do so. Plaintiff has failed to state a constitutional violation against the named defendants and accordingly, his complaint should be dismissed.

Therefore the Court recommends that this action be **DISMISSED without prejudice for failure to state a claim and all pending motions should be DENIED.** A proposed order accompanies this Report and Recommendation. Any objections to this Recommendation must be filed by **Tuesday, September 20, 2016.** The Clerk should note the matter for **Thursday, September 22, 2016**, as ready for the District Judge's consideration if no objection is filed.

If plaintiff files an objection, he must note the matter for the Court's consideration 14 days from the date the objection is filed and served. Objections shall not exceed seven (7) pages. The failure to timely object may affect the right to appeal.

DATED this  30th  day of August, 2016.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge